CHARLES EVANS

*v.*

THE NEW AUDITORIUM PIER COMPANY.

[Filed August 1st, 1902.]

Where the several owners of lots fronting on a beach and extending to high-water mark join in a deed granting to a city, for their own benefit and that of the public, a continuous strip across them at the ocean edge for a walk, with a covenant that no building shall be erected to the oceanward of the strip, this restriction attaches, in favor of another grantor, to lands below high-water mark owned by one of the grantors who had acquired the state's title thereto.

On bill, affidavits and answering affidavits.

*Mr. Burrows C. Godfrey* and *Mr. Joseph Coult,* for the complainant.

*Mr. Charles D. Thompson,* for the defendant.

GREY, V. C.

This case was argued at the same time, and by the same counsel, as the case of *Atlantic City* v. *New Auditorium Pier Co.,* recently decided.

The questions determined in that case control those submitted in this case, so that a detailed discussion of the points involved is not necessary.

The bill seeks to enjoin a structure which the defendant company is in process of erecting to the oceanward of the boardwalk at Atlantic City, at a place lying below high-water mark.

The complainant claims that he is entitled to have the building of this structure enjoined, because he is a citizen of Atlantic City, and a taxpayer there, and also a landowner fronting on the boardwalk and interested in the maintenance of its sea view and free access to light and air, under the covenants in a deed dated April 30th, 1896, made by Richard F. Loper and wife and others, beach front owners (of whom the complainant was one), to Atlantic City, granting a right of way for an elevated steel boardwalk, with an aiding restriction against the erection of any structure to the oceanward of the boardwalk.

The complainant also claims a right to restrain the defendant's structure by virtue of restrictions imposed in a deed made by complainant to one Richard F. Loper, dated July 22d, 1895, recorded in Atlantic county clerk's office in Book No. 192 of Deeds, folio 384, conveying a tract of upland lying just opposite the complainant's hotel, on Pennsylvania avenue, and at the ocean front.

One restriction is a covenant by Loper that he, his heirs and assigns, should never erect upon the premises granted any house or other building nearer the line of Pennsylvania avenue than twenty-seven feet of the property line. Another is recited in

complainant's deed to Loper, as imposed by a covenant in a previous deed, made by the complainant to the city of Atlantic City, dated January 2d, 1890, restraining the erection of any building oceanward of the boardwalk.

The only point which arises in this case which is not discussed in the opinion in *Atlantic City* v. *New Auditorium Pier Co.,* just decided, is whether Mr. Evans has a *status* to ask such a restraint under the conveyances above noted.

At the time Mr. Evans conveyed to Atlantic City, in 1890, and to Mr. Loper, in 1895, he was not the owner of the state's lands lying in front of his property at the line of high-water mark in the Atlantic ocean.

The title to this land was subsequently acquired from the state by his grantee, Mr. Loper, who conveyed to the Mary A. Riddle Company and Joseph A. Brady, the defendant company's lessors.

It is on the land acquired from the state that the defendant company is in the act of erecting the challenged structure.

The complainant has no equity to restrain the defendant company from erecting any structure below high-water mark, under either his deed of 1890 to Atlantic City, or his deed of 1895 to Mr. Loper, for the reasons stated in the third syllabus of the opinion above cited.

Mr. Evans was one of the grantors in the deed of April 30th, 1896, whereby the beach front owners contributed to the city, for their common benefit and for the benefit of the public, separate portions of their lots, being a continuous strip of land at the ocean edge, for the purpose of erecting thereon an elevated boardwalk, with an aiding covenant that no buildings should be erected to the oceanward of the boardwalk strip, except of a certain class, &c., within which the defendant's structure is not included.

Mr. Loper had acquired the state's title to the land where the defendant is building before he made the deed of April 30th, 1896. By that deed Mr. Loper charged that land with the restriction against building oceanward of the boardwalk. Every grantor who joined with Mr. Loper in making that deed has a *status* to enforce the general scheme contemplated by it, to pro--

tect the boardwalk from being shut in by the erection of buildings on its ocean side.

From this point of view the complainant has an equity, under the deed of April 30th, 1896, made by Loper, Evans and others to Atlantic City, to have the defendant company restrained from erecting the structure it is now building oceanward of the boardwalk.

As to the mandatory features of the injunction for removal, &c., asked for by the bill of complaint, the building of the structure challenged has not progressed so far as seriously to interfere with the view from the boardwalk, nor is there any showing of such immediate danger to the complainant's rights as requires the allowing of a mandatory writ. The awarding of it may safely await the final decree.