ATLANTIC CITY, complainant and respondent,

*v.*

THE YOUNG & MCSHEA AMUSEMENT COMPANY, defendants and appellants.

[Filed October 20th, 1902.]

It is provided in a conveyance of a strip of sixty feet of land by defendants to the complainant that the defendants shall not be prohibited from building a pier in front of their property and connecting the same to the new walk about to be erected by the complainant on said strip of land, and upon the further condition that the said pier shall be at least one thousand feet in length, extending into the ocean beyond the present sixty-feet-wide strip, and constructed of iron or steel, and that the defendants shall not permit the sale of any commodity upon the same, and be confined to charging only an entrance fee.—*Held*, that this proviso in all its parts applies only to a pier erected in the future, and has no relation to a pier existing at the time of the said conveyance.

On appeal from a decree advised by Vice-Chancellor Reed, whose opinion is reported in *17 Dick. Ch. Rep. 147*.

Atlantic City *v.* Young & McShea Amusement Co.

*Mr. Clarence L. Cole,* for the appellants.

*Messrs. Godfrey & Godfrey,* for the respondent.

The opinion of the court was delivered by

VAN SYCKEL, J.

By an agreement executed in April, 1896, between the parties hereto, the defendants conveyed to Atlantic City a strip of land sixty feet in width for the purposes of a boardwalk to be con-- structed along the ocean front by the city.

At the time this agreement was entered into the defendants. had erected a pier, of wood, upon their lands between the ocean and the said sixty-feet-wide strip of land.

The provision in the agreement, so far as it relates to the present controversy, is as follows:

"It is hereby covenanted and agreed that the said sixty-feet strip shall be used for no other purpose than that of a street and a public board or steel walk; and that the grantors hereto shall have at all times the right to connect their and each of their buildings with the said boardwalk on the land or northwest side thereof; and that Atlantic City shall not remove or cause to be removed, nor permit its servants and agents, or any other person or persons to remove any sand from said sixty-feet-wide street; and that the boardwalk to be built on said sixty-feet-wide strip shall be elevated where it crosses the streets and avenues of Atlantic City to such height as will allow the grantors hereto free and unobstructed passage under the same with horses and wagons for the purpose of carting sand or driving with covered wagons. * * * Provided, however, that the within grantors shall not be prohibited from building a pier in front of their property and connecting the same to the new walk about to be erected, and upon the further condition that the said pier shall be at least one thousand feet in length, extending into the ocean beyond the present sixty-feet-wide strip, and constructed of iron or steel, and shall not permit the sale of any commodity upon the same and be confined to charging only an entrance fee."

The bill is filed to restrain the defendants from selling or permitting any commodity to be sold upon said previously-existing pier, and from selling the right or charging an additional fee for admission to the privileges of any particular part or place on said pier, in addition to an entrance fee, or after entrance on said pier.

Atlantic City *v.* Young & McShea Amusement Co.

The defendants appealed from the decree of the court of chancery granting the injunction prayed for.

The case of the complainant rests upon the proviso above set forth.

It is clear that the proviso relates exclusively to a pier to be erected in the future, and that, so long as no other pier than the one then existing should be built, the proviso could not impair or affect the rights of the defendants in the old pier.

The agreement "that the defendants shall not be prohibited from building a pier" is equivalent to saying that they may build; in the absence of prohibition in the terms of the contract, there is nothing to deprive them of that right.

It is not until the right to build a new pier is exercised by the defendants that the proviso has any effect. Then the restraint laid upon the defendants is that such new pier shall be at least one thousand feet in length, to be constructed of iron or steel, and that the defendants shall not permit the sale of any commodity upon the same, and shall be confined to charging only an entrance fee.

Obviously all these conditions apply to the pier which may thereafter be constructed, and cannot be extended beyond the clear meaning of the language used in the contract.

That the defendants shall not be prohibited from building a pier cannot be construed to inhibit them from using and maintaining one already built. In that they had a right of property which they have not in any respect surrendered to the city.

The complainant has shown no right to interfere with the defendants in the use of the old pier as fully as they enjoyed it before the execution of the agreement of 1896.

The decree appealed from should be reversed, with costs in this court and in the court below.

*For reversal*—THE CHIEF-JUSTICE, VAN SYCKEL, DIXON, GARRISON, COLLINS, FORT, GARRETSON, HENDRICKSON, PITNEY, BOGERT, ADAMS, VOORHEES—12.

*For affirmance*—None.