CITY OF ATLANTIC CITY, respondent-complainant,

*v.*

ASSOCIATED REALTIES CORPORATION, appellant-defendant.

[Argued November 24th, 1908.   Decided March 1st, 1909.]

The predecessors in title of the defendant, by deed, conveyed to the city of Atlantic City an easement or right of way over a strip of land on the ocean front, which deed contained a clear restriction against placing any building or structure upon the ocean side of the lands conveyed, with a proviso reserving the right to build a pier of a certain kind and length, on which the owners shall not permit the sale of any commodities "and be confined to charging only an entrance fee." The defendant erected a pier of the kind and length permitted, and charged visitors on entering variant fees, depending upon whether entrance to the pier only was desired or whether access to certain reserved parts of the pier, or to certain amusements thereon provided, was wanted by the visitor.—*Held*, that such charges, other than the fee for entrance, were made in violation of the covenant that the pier owner should "be confined to charging only an entrance fee."

On appeal from a decree of the court of chancery advised by Vice-Chancellor Walker.

*Messrs. Thompson & Cole,* for the appellant.

*Mr. Harry Wootton, Messrs. Godfrey & Godfrey,* and *Mr. Gilbert Collins,* for the respondent.

The opinion of the court was delivered by

TRENCHARD, J.

The bill of complaint in this case was filed by Atlantic City to secure an injunction restraining the Associated Realties Corporation from charging any fee for admission to any part of its pier, or to any amusement or entertainment thereon, in addition to the entrance fee.

Upon the return of the order to show cause a preliminary injunction was allowed, and this appeal is from the order so made.

The predecessors in title of the defendant, by deed, conveyed to the city of Atlantic City an easement or right of way over a strip of land on the ocean front, which deed contained a clear restriction against placing any building or structure upon the ocean side of the lands conveyed, with a proviso reserving the right to build a pier of a certain kind and length, on which the owners shall not permit the sale of any commodities "and be confined to charging only an entrance fee."

The defendant erected a pier of the kind and length permitted, and sold to visitors thereto variant tickets differing in price from ten cents upward, according as they gave access to different parts of the pier and admit to different amusements and entertainments thereon provided. It was this practice that was enjoined by the court of chancery.

The rights of the parties depend upon the construction of the restrictive covenant in the easement deed recited.

When that covenant was heretofore before this court for construction in a somewhat similar suit (*Atlantic City* v. *Associated Realties Corporation, 73 N. J. Eq.* (*3 Buch.*) *721*) we pointed out that the covenants contained in the deed of the predecessors in title of the defendant show that the owners of the beach front lands were actuated by a common purpose to carry into effect by their joint action a general plan of mutual benefit to themselves and to the public to preserve an open view oceanward from the elevated public walk, and to that end to restrict the use of the land, and the business to be conducted, on the ocean side of the walk. We then said that the language of the covenant that the pier owners "shall not permit the sale of any commodity upon the same, and be confined to charging only an entrance fee," seems plainly to admit of but one construction, namely, that no pecuniary exaction beyond a fee for entrance to the pier is allowable. Accordingly in that suit we held that the complainant was entitled to an injunction restraining the defendant from charging visitors to its pier any fee for the hire and use of roller

skates, or for checking garments, in addition to an entrance to the pier or after entrance to the pier, as it was then doing.

In the present case the fee is charged and the ticket sold at the main entrance to the pier. But as we have stated, the defendant charges various fees, depending upon whether access to one part or another of the pier, or to one amusement or another, is desired by the visitor. An entrance to the pier only may be obtained for ten cents. Access to certain reserved parts and to certain amusements may be obtained by paying on entering certain various additional charges.

We think this likewise a violation of the covenant that the pier owner shall "be confined to charging only an entrance fee." For illustration, it makes no difference whether the visitor is charged for his roller skating privileges when he enters the pier or when he enters the skating rink thereon. Such charge in either case is forbidden. A fee charged for participation in some amusement or other thing offered to visitors is an addition to the entrance fee, notwithstanding it is exacted when the visitor enters the pier.

The plain meaning of the restrictive covenant is that if the covenantor or his assigns should build a recreation pier, he must confine himself to imposing a single fee which gives a visitor entrance to all parts of the pier and to all amusements thereon provided.

The decree appealed from awards an injunction restraining the defendant from charging any fee for admission to any part of its pier in addition to a "uniform entrance fee," and from charging any fee for any entertainment or amusement upon the pier in addition to the entrance fee. Such is not the precise form in which the decree should be drafted. We are not in this case concerned with gratuitous admissions nor with proper classification of visitors, and hence the word "uniform" is not an apt word for use in the decree. The form of the decree should be that an injunction issue restraining the defendant, its officers, servants, agents and employes from charging any fee or fees for admission to any part of its pier in addition to an entrance fee, and from charging any fee or fees for any entertainment or

amusement upon the pier in addition to an entrance fee, and from charging variant fees depending upon whether access to one part or another of the pier, or to one amusement or another thereon provided, is desired by the visitor.

For the purpose of such modification the decree must be reversed and the record remitted to the court of chancery.

The complainant is entitled to costs in the court of chancery and in this court.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, VREDENBURGH, DILL—11.