LUTHER L. JONES, PROSECUTOR, v. ATLANTIC CITY, RESPONDENT.

Argued April 25, 1911—Decided May 25, 1911.

1. The purchase and erection by Atlantic City of lighting standards costing $28,242.40 for a lighting system equipment on the "public boardwalk," which boardwalk the city was authorized by law to erect, maintain and improve upon a public street along the ocean front, is a public work.

2. Atlantic City, having adopted the act of April 3d, 1902 (*Pamph. L.*, *p.* 284), the city council thereof, in all public work done costing more than $500, is required by the supplement of March 14th, 1905 (*Pamph. L.*, *p.* 50), to cause plans and specifications to be prepared for such work, to cause public notice to be given, inviting sealed proposals by advertisement in two newspapers printed in such city, of the work to be done and the materials to be used therefor, for at least ten days before awarding contract for same, and the contract, when awarded, shall be to the lowest bidder.

On *certiorari*.

Before Justice TRENCHARD.

For the prosecutor, *Chandler & Robertson*.

For the respondent, *Harry Wootton*.

The opinion of the court was delivered by

TRENCHARD, J. This *certiorari* brings up for review an ordinance passed by the council of Atlantic City on February 13th, 1911, directing, among other things, the mayor and city clerk to execute a contract with the Atlantic City Electric Company for furnishing the city with lighting standards for a lighting system equipment on the "public boardwalk."

The prosecutor contends that the city council was without jurisdiction to pass the ordinance because there was no prior call for competitive bidding as required by law.

That contention must prevail.

The ordinance in question is entitled "An ordinance authorizing the purchase, construction and erection of boardwalk lighting standards for the purpose of furnishing light upon the public boardwalk laid out on the ocean front of Atlantic City between Caspian avenue and Albany avenue." By section 1 it provides "that a contract be entered into, signed by the mayor and city clerk, for furnishing the city with the lighting standards" of a specified number and style. Those standards are to cost the city $28,242.40, and the contract therefor was thus awarded without having first given notice inviting sealed proposals therefor and without any competitive bidding. The ordinance further provides that the *erection* of the standards shall be "done as may hereafter be provided for by resolution of city council by such persons as may be authorized by city council after due advertising for proposals therefor based on specifications to be approved by city council." It appears that the cost of the work of *erection* will be approximately $3,000.

Atlantic City adopted the act of April 3d, 1902. *Pamph. L., p.* 284. By a supplement to that act approved March 14th, 1905 (*Pamph. L., p.* 50), it was provided as follows:

"In any city which has adopted or shall hereafter adopt the act to which this is a supplement, in all public work done in such city costing more than five hundred dollars, the city council of such city shall cause plans and specifications to be prepared for such work and shall cause public notice to be given, inviting sealed proposals for such work, by advertisement in two newspapers printed in such city, of the work to be done and the materials to be used therefor, for at least ten days before awarding contract for same, and the contract, when awarded, shall be to the lowest bidder."

It clearly appears that the improvement contemplated by the ordinance was the purchase and erection of lighting standards for a lighting system equipment on the boardwalk. The boardwalk is a structure which the city was authorized by law to erect, maintain and improve upon a public street lawfully acquired by the city along the ocean front. See *Atlantic City* v. *Associated Realties Corporation, 5 Buch.* 568.

Its improvement by the installation of the lighting system equipment is a public work. *Trenton* v. *Shaw,* 20 *Vroom* 638; *Wilson* v. *Dietrich (Ch. Case),* 59 *Atl. Rep.* 251.

The lighting standards contracted for are materials to be used therefor. The cost thereof being more than $500, the city council was required by the supplement of 1905 to cause plans and specifications to be prepared for such work, to cause public notice to be given, inviting sealed proposals by advertisement in two newspapers printed in such city of the work to be done and the materials to be used therefor, for at least ten days before awarding contract for same, and the contract, when awarded, shall be to the lowest bidder.

None of these essentials were complied with.

The result is that the ordinance under review must be set aside, with costs.