CARLTON GODFREY, complainant,

*v.*

CITY OF ATLANTIC CITY et al., defendants.

[Decided September 11th, 1923.]

1. A preliminanry injunction will not issue where the right of the complainant is in doubt.

2. Where agreements and deeds from owners of lands with and to a municipality provided that certain lands shall be dedicated to the public use and shall forever remain open so that the view ocean-ward shall be free, open and unobstructed, and public announcement was made that certain buildings' or structures would be erected on the lands covered by the conditions contained in said agreements and deeds, such erection will not be enjoined at the suit of a taxpayer, not on behalf of the public, who is not the grantor of any of the land on which the temporary structures are to be erected, and when interest is remote and infinitesimal.

3. Where a carnival committee proposed, by leave of, or without protest from, Atlantic City, to erect a temporary building or structure upon the boardwalk to seat many thousands of spectators during a certain parade, partially obstructing the view, and such structure was sought to be enjoined as violative of the condition of the boardwalk deeds to the effect that the lands thereby granted and conveyed should forever be and remain open and be used for the purpose of a street, and when the city should cease and neglect to use the same for that purpose, the lands should revert absolutely to the grantors. *Held*, that such a condition subsequent in a deed to a municipality will be strictly construed; that a partial and temporary obstruction of the street in question is not neglect or cesser to use same as a street, and is not a breach of such condition and will not be' enjoined.

On bill and affidavits.

*Mr. Carlton Godfrey, pro se.*

INGERSOLL, V. C.

The complainant, a citizen and taxpayer of Atlantic City, files the bill of complaint alleging that:

In 1896 Atlantic City laid out and opened a public street along the ocean front of said city and erected thereon a public steel, board or plank walk.

The owners of practically the entire ocean front property through which the street was to be laid out executed to the city agreements generally known as rights of way, in which the said grantors covenanted and agreed "that it shall and may be lawful for the party of the second part, its successors and assigns, and its agents and servants, and for any other person or persons, subject to such regulations and restrictions as the party of the second part may impose, at all times to pass and repass, to use, occupy and enjoy so long as the same shall be used for the purpose of a street and a public steel, board or plank walk, the lands and premises therein described, together with the right to use, occupy and control the same so long as the same shall be used for the purpose of maintaining a street and a public steel, board or plank walk, and when the party of the second part shall cease or neglect to use the same for that purpose it shall revert absolutely and without any condition or qualification to the grantors."

It was also covenanted and agreed that the said sixty-feet-wide strip should be used for no other purpose than that of a street and public board or steel walk, and the party of the second part covenanted and agreed that it would not place or erect, or allow to be placed or erected, any buildings or structures of any kind or description on the lands described except as above provided, and that these covenants should attach to and run with the lands and premises thereby granted and the lands on the ocean side thereof so long as the same should be used for the purpose of a street and public steel, board or plank walk.

That about the year 1900 the owners of practically all of the property along the ocean front in Atlantic City dedicated by conveyance or agreement to Atlantic City their right, title and interest in their properties lying oceanward from the landward line described in the above-mentioned right of way agreements for park purposes, subject to the condition and provisions contained in the said agreements or park deeds. That the said park agreements or deeds contain the following provisions:

"*Fourth.* That the lands hereby granted and dedicated to public use shall forever be and remain open so that the view oceanward from the said elevated public walk erected and to be erected as above mentioned shall be free, open and unobstructed, and that no use shall be made of the said land by the grantee, its successors or assigns, inconsistent with its use as a public park or place for public resort and recreation."

The bill of complaint further alleges:

"That a carnival committee of which Armand T. Nichols is director has announced that they propose to erect or construct, or permit to be erected or constructed, a building or buildings or structure or structures upon the land above described other than the steel, board or plank walk provided for in said agreements, and that the city of Atlantic City has allowed said illegal building or buildings or structure or structures to be erected; that such illegal buildings or structures consist of wood or metal seats in about four rows, one row back of and above the other, and are of a capacity to seat many thousands of persons; that said committee has planned to erect, or cause to be erected, said illegal building or buildings, structure or structures, during the latter part of August or early part of September, 1923, to be used exclusively during the parade or certain other exercises of the carnival to be held in the month of September, 1923, by the persons who pay a fee or charge of $2 or some other sum for each seat for one person or for each person admitted to that portion of the boardwalk in which said illegal buildings or structures are to be erected.

"That the said illegal buildings or structures are to be located upon the land and premises which are subject to the conditions contained in said agreements, which agreements were accepted in writing by Atlantic City as aforesaid, and said city is bound thereby.

"That the imposition and collection of said charges or fees are in violation of the provisions of said agreements."

The complainant prays:

"That the carnival committee, of which Armand T. Nichols is director, the city of Atlantic City, and all other persons and corporations be enjoined and restrained from the put-

ting, placing or erecting, and from allowing to be placed or erected, any building or structure of any kind or description on the land included within the limits of the strip of land described in the boardwalk right of way agreements to Atlantic City and upon the land described in the ocean front park agreements or deeds to Atlantic City, except a public steel, board or plank walk, and from making or collecting any charges or fees for the use of seats placed or erected upon the said street or boardwalk and from interfering with the free use and occupancy of any such seats erected or to be erected upon said street, park or boardwalk by any person or persons."

Under *McMillan* v. *Kuehnle, 78 N. J. Eq. 251,* a preliminary injunction was held not to lie at the suit of two citizens to restrain the alleged nuisance of Sunday baseball games, as the bill was not filed on behalf of the public to restrain a public nuisance, and also that a preliminary injunction should not issue unless from urgent necessity, and not unless the injury was irreparable.

The bill of complainant is not by a grantor of any of the lands on which the temporary stands are to be erected, nor is it filed on behalf of the public. Godfrey's interest is therefore remote and infinitesimal, is more or less technical, and therefore not sufficient to call for a temporary injunction.

The covenant is that if the city shall cease or neglect to use the land conveyed for the purpose of maintaining a street and a public steel, board or plank walk, it shall revert absolutely to the grantors.

Equity will not assist the recovery of a penalty or forfeiture. See *Morris* v. *Kettle, 56 N. J. Eq. 826.*

The conditions that would work a forfeiture must be abundantly present, there would have to be an abandonment of the use. A temporary encroachment on the highway, only restrictive of the use and in nowise an abandonment of it, not even temporary, would not be a violation of it.

Another covenant is that the strip shall be used for no other purpose than that of a street, &c., without any forfeiture clause in case of violation. And still another cove-

nant that the city will not place or erect, or allow to be placed or erected, any building or structures of any kind or description except as above mentioned, namely, a boardwalk, but here again is no clause of forfeiture. Likewise in the park deed there is no clause of forfeiture.

The bill does not show that the city has itself done any act in violation of any covenant in the right of way or the park deed.

In *3 Dill. Mun. Corp.* (*5th ed.*) ¶ *979*, it is laid down that a condition subsequent will be strictly construed (citing *Rose* v. *Hawley, 118 N. Y. 502*), as holding that where land was conveyed to a town upon condition that it should not be used for any other purpose than a town house (city hall), and the town rented the hall for meetings, lectures, &c., and other rooms for business purposes, that the condition was not broken.

A more or less cursory examination does not disclose a case on this subject in our state. I incline to think the law stated by Dillon obtains here; and it is at least doubtful if any injunction will lie at all. A preliminary injunction will not issue where the right of the complainant is in doubt. *National Docks, &c., Railway* v. *Pennsylvania Railroad Co., 54 N. J. Eq. 10.*

The result is that a preliminary injunction will not be advised.

The complainant may desire a final hearing to settle definitively the questions involved. Assuming, without deciding, that that can be had after the conditions which provoked the bill no longer exist, all questions will be reserved until then.