The city of Atlantic City has advertised for, received and accepted bids for the building of a "windshield" to be erected between Indiana avenue and Park place, upon the boardwalk along the ocean front of said city. This windshield is to be located about three feet oceanward of the interior line of the boardwalk, and is to be approximately seven feet six inches in height, with wooden base, top and sides, with wire glass in panes in the centre of the frames. Approximately one-half of the shield to be of wood or other opaque material.
The complainants are the owners of property located landward of the boardwalk, and upon the westerly side of said Park place. They seek an injunction restraining the city from proceedings with the construction and erection of the proposed windshield.
At the conclusion of the hearing I, in an oral opinion, set out my reasons for advising an order for injunction, stating that I would probably file a more extended opinion, and I now consider it wise to cite the several acts and cases referred to by me in that opinion.
The boardwalk is an elevated public structure over a public street, authorized under the boardwalk easement deeds (deeds from various owners of beach-front lands to Atlantic City), and the acts authorizing it generally known as the "Boardwalk acts," chapter 129, laws 1889; chapter 107, laws 1890, and chapter 5 of laws 1896.
Under the "Park act," chapter 93, laws 1894, and deeds usually called "park deeds" (deeds from various owners of beach-front land to Atlantic City), the city has laid out a public park extending from the interior line of the boardwalk and said public street oceanward.
In the easement deeds the grantors agreed that they would erect no building or structure outside the boardwalk, with certain exceptions therein mentioned. *Page 131 
The covenant in the park deed is somewhat different. The city agreed to maintain the boardwalk, that it be used for no other purpose than as a boardwalk, and that the lands should remain open so that the view oceanward from the public walk should not be obstructed.
These acts and the boardwalk and park deeds have been upheld by the court, upon proceedings instituted by Atlantic City.Atlantic City v. Atlantic City Steel Pier Co., 62 N.J. Eq. 139; Atlantic City v. Young's Amusement Co., 62 N.J. Eq. 147;
this case was reversed, 63 N.J. Eq. 831, but not upon the question of the right of Atlantic City to enforce the conditions in the boardwalk deed. Atlantic City v. New Auditorium PierCo., 63 N.J. Eq. 644; Ibid., 67 N.J. Eq. 284. This latter case was reversed by the court of errors and appeals (67 N.J. Eq. 610), but not upon the question now being considered.
Have the complainants a right to maintain this suit? In White
v. Young's Pier and Hotel Co., 78 N.J. Eq. 498, it was expressly held (on p. 505), "that the complainants have a right to maintain this suit, especially in view of the fact that Atlantic City was requested to bring it and refused."
This being true, a suit may go against the city, if it attempts a like violation.
The case is not parallel with Godfrey v. Atlantic City,95 N.J. Eq. 183, in which the court refused an injunction against the placing of seats upon the boardwalk for a temporary purpose.
Prior to any of these acts, or the execution of these deeds and agreements, George F. Lee and Hamilton Disston, the owners of land bounded by Pacific, Indiana and Ohio avenues and the Atlantic ocean, executed and recorded a deed poll dedicating out of said tract "Brighton Park" in the following language:
"That so much of their said lot or piece of ground above described, situate, lying and being between the said Indiana avenue as widened and Park place as lies at the distance of four hundred and fifty feet southwardly from the southwardly line of Pacific avenue, and extending from thence of the width of one hundred and thirty-six feet between the east line of the said Park place above mentioned and the *Page 132 
west line of said Indiana avenue as widened into the Atlantic ocean, shall be dedicated to and henceforth at all times hereafter be left open and unbuilt upon [except for such ornamental purposes as may, from time to time, be mutually agreed upon by and between the said George F. Lee and Hamilton Disston, their heirs and assigns] as and for a lawn or open space at all times hereafter forever for light and air and a clear, unobstructed view of the Atlantic ocean, the same to be for the free use, right, liberty, privilege and enjoyment as a park, to be called or known as Brighton Park, in common with the said George F Lee and Hamilton Disston, their heirs and assigns, owners, tenants and occupiers of the remaining ground granted by the said Pierce Archer, Jr., to the said George F. Lee and Hamilton Disston in and by the said above-recited indenture. The said open space or park to be adorned, as soon as practically can be, with grass and laid out with paths and walks therein and enclosed with a neat fencing or pailing."
The lands of the complainants are a part of "the remaining ground," they having by mesne conveyances from said Lee and Disston obtained title thereto.
It is quite clear that the covenants and conditions in said deed poll prevent the erection of a windshield across the land in question. It is an obstruction that would be in violation of the deed poll, and it would appear that the very fact that structures cannot be built upon the land in question is the reason that the windshield is sought to be erected thereon.
It is therefore unnecessary to consider further the question of the effect of the Boardwalk act and deeds or the Park act and agreement. It would seem to me, also, that the court is sustained in that view by the fact that this structure might be a violation of the easement deed. It is not such a structure as the grantors agreed Atlantic City could erect upon it. The city has erected the elevated boardwalk, and it is not now necessary for me to say whether that elevated boardwalk at the time was or was not a violation of the deed poll. That is now long past, and it is certainly not such a violation, if a violation at all, as would permit an entire obstruction of the view across this particular land.
Nor is it necessary, in the view that I am taking of these proceedings, to say whether or not the restriction in the park deed, which says that the city shall maintain a boardwalk which shall be and remain open, so that the view oceanward *Page 133 
from the public walk shall not be obstructed. That simply adds to the view that the court has taken in this matter, that the original intention of these grants was that the boardwalk should be a public walk, and it should remain open and clear from obstructions on the outer side thereof, and that, because of the peculiar situation in this locality, nothing being permitted to be built on the insides thereof, the suggested need of a windshield arises.
An injunction must be advised in this matter.