This is one of three causes now pending, instituted to enforce covenants contained in agreements granting to the City of Atlantic City, as trustee for the public, an easement right for the construction and maintenance of its modern boardwalk. The instruments were dated July 30th, 1896, and were signed by more than 100 owners of land fronting on the Atlantic Ocean. Restrictive covenants contained therein also created an easement of light, air and view oceanward of the lands dedicated for boardwalk use, unrestricted except that piers of certain construction and length might be built and maintained. The covenants further prohibited the owner of any such pier from permitting the sale of any commodity thereon and confined him to charging only an entrance fee.
In these three causes violations of the restrictive covenants are alleged to have occurred on Atlantic City Steel Pier and on Hamid's Million Dollar Pier. The latter pier is the one involved in this particular suit. Heretofore, violations have been charged against this defendant on this pier and decisions, adverse to it, twice rendered by the Court of Errors and Appeals. In AtlanticCity v. Associated Realties Corp., restraint was sought against charging any fee to visitors to Hamid's Million Dollar Pier, or to any part thereof except an entrance fee; Chancery, 1907, 72 N.J. Eq. 634; 67 Atl. Rep. 937; reversed, Court of Errors and Appeals, 1908, 73 N.J. Eq. 721; 70 Atl. Rep. 345. In the second cause between the same parties, similar relief was sought; Court of Errors and Appeals, 1909, 75 N.J. Eq. 568;72 Atl. Rep. 61.
In eight or more additional instances these same restrictive covenants have been considered by this court in causes charging *Page 521 
violations at Steel Pier and other ocean piers; five of these causes were, upon appeal, finally determined by the Court of Errors and Appeals: City of Atlantic City v. Atlantic CitySteel Pier Co. (Court of Chancery, 1901), 62 N.J. Eq. 139;49 Atl. Rep. 822; City of Atlantic City v. Young and McSheaAmusement Co. (Court of Chancery, 1901), 62 N.J. Eq. 147;49 Atl. Rep. 1135; reversed (Court of Errors and Appeals, 1902),63 N.J. Eq. 831; 53 Atl. Rep. 168; Atlantic City v. NewAuditorium Pier Co. (Court of Chancery, 1902), 63 N.J. Eq. 644; 53 Atl. Rep. 99; (Court of Chancery, 1904), 67 N.J. Eq. 284; 58 Atl. Rep. 729; reversed (Court of Errors and Appeals,1904), 67 N.J. Eq. 610; 59 Atl. Rep. 158; reargument before Court of Errors and Appeals was sought in 1905 by the city,67 N.J. Eq. 621; 63 Atl. Rep. 169; Evans v. New Auditorium PierCo. (Court of Chancery, 1902), 63 N.J. Eq. 674;53 Atl. Rep. 111; final hearing (Court of Chancery, 1904), 67 N.J. Eq. 315; 58 Atl. Rep. 191; reversed (Court of Errors and Appeals,1904), 67 N.J. Eq. 620; 59 Atl. Rep. 1117; White v. Young'sPier and Hotel Co. (Court of Chancery, 1911), 78 N.J. Eq. 498; 79 Atl. Rep. 351; affirmed (Court of Errors and Appeals,1912), 79 N.J. Eq. 597; 82 Atl. Rep. 912; Marlborough-Blenheim
v. City of Atlantic City (Court of Chancery, 1925), 98 N.J. Eq. 129; 129 Atl. Rep. 756; Seaside Improvement Co. v. AtlanticCity Steel Pier Co. (Court of Chancery, 1932), 110 N.J. Eq. 510; 160 Atl. Rep. 625; affirmed (Court of Errors and Appeals,1933), 114 N.J. Eq. 22; 168 Atl. Rep. 303.
Complainants have moved to strike the answer of the defendant Associated Realties Corporation, owner of the pier, on the ground that it is frivolous, discloses no defense, and agitates only questions which are res judicata. Quite obviously certain of the questions now attempted to be stirred were or could have been raised in the earlier litigation involving this pier and, as to those matters, if the complainants are in privity with the City of Atlantic City, are now res judicata. City of Paterson v.Baker (Court of Chancery), 51 N.J. Eq. 49; 26 Atl. Rep. 324;White v. Mindes (Court of Errors and Appeals),106 N.J. Law 606, 609; 148 Atl. Rep. 781; *Page 522 Lane v. Rushmore (Court of Chancery), 123 N.J. Eq. 531;198 Atl. Rep. 872; affirmed (Court of Errors and Appeals),125 N.J. Eq. 310; 4 Atl. Rep. 2d 55. It is equally obvious that in certain of the other causes substantially similar cases to the present were presented and applicable principles declared which bind this court, stare decisis. SeasideImprovement Co. v. Atlantic City Steel Pier Co., supra; Ballou
v. U.S. Flour Milling Co. (Court of Chancery), 67 N.J. Eq. 188; 59 Atl. Rep. 331; McFadden v. Palmer (Court of Errorsand Appeals), 83 N.J. Eq. 621; 92 Atl. Rep. 396; Hodge v.United States Steep Corp. (Court of Chancery), 64 N.J. Eq. 90; 53 Atl. Rep. 601; reversed (Court of Errors and Appeals),64 N.J. Eq. 807; 54 Atl. Rep. 1.
There are nineteen complainants in this cause; eighteen are individuals and the one is a corporation. They allege that they each operate a restaurant in the City of Atlantic City, they the individuals are all residents and citizens and that four are taxpayers and property owners. In addition, the corporate complainant alleges that its restaurant business is conducted on lands it holds under lease, a part of lands owned by one of the original grantors when he executed one of the instruments of dedication. There are three defendants in addition to Associated Realties Corporation, the owner of the pier — Hamid's Million Dollar Pier, Inc., a corporation, the lessee and operator of the pier; George A. Hamid; and the City of Atlantic City. Answers have been filed by defendants George A. Hamid and Hamid's Million Dollar Pier, Inc.; no answer has been filed by the City of Atlantic City.
The instruments creating the easements and containing the restrictive covenants ran to and were executed by the City of Atlantic City. In the restrictive covenant it was, inter alia, provided:
"These covenants shall attach to and run with the lands and premises hereby granted, and the lands on the ocean side thereof so long as the same shall be used for the purpose of a street and a public steel, board or plank walk and that the same may be enforced or its breach or non-observance may be restrained or enjoined at any time by the said party of the second part, its successors and assigns." *Page 523 
In the two causes prosecuted against this defendant, Associated Realties Corporation, for violations of the restrictions, the City of Atlantic City was complainant. It was also complainant in four of the other cases cited. Vice-Chancellor Reed, in the first cause prosecuted, characterized the City of Atlantic City as "the representative and trustee of the public." The Court of Errors and Appeals, in its first decision rendered against this defendant, Associated Realties Corporation, also defined the status of the city in this matter "as trustee for the public."
From 1896, when the City of Atlantic City accepted this trusteeship for the public, until about 1910, it prosecuted violations of the covenants, then in White v. Young's Pier andHotel Co., it was requested to bring suit and refused. In about 1924 the city, itself, attempted to violate the restrictions and on complaint of Marlborough-Blenheim, a land owner, was enjoined. In 1931, in Seaside Improvement Co. v. Atlantic City SteelPier Co., the city was charged (as it is now charged) with having issued a permit encouraging a violation. As here, the city was there made a defendant. It at first moved to defend, then advised the court that it had revoked the permit as illegal and no longer wished to contest the application for a preliminary or a final injunction, but desired to actively prevent any alleged encroachment or infringement of rights granted in the easement deeds.
In the instant case the bill of complaint charges that the City of Atlantic City issued mercantile licenses permitting violations upon Hamid's Million Dollar Pier and, in violation of its duty as trustee, consented to, acquiesced in and consorted with defendants in the specific violations alleged to have occurred; that on several occasions complainants requested the city commission of the City of Atlantic City to take such formal legal action as might be necessary to strictly enforce the provisions of the easement agreements and restrain violations on Hamid's Million Dollar Pier; that the City of Atlantic City failed or refused to take any such action, and has declined to join with complainants as a party complainant in this cause. *Page 524 
The answer against which the present motion is made avers that only the City of Atlantic City has the right to enforce the covenants and restrictions of the easement deeds and denies that the complainants or any of them have a status to prosecute this cause. It asserts that the corporate complainant, successor in title by lease to an original grantor, has, itself, violated the restrictive covenants.
I am put upon notice by the answer of the defendant Hamid's Million Dollar Pier, Inc., operator of the pier, that it will contend the easement rights of the public have been lost through laches. The answer admits that, on or about September 2d 1940, and prior thereto, various commodities were "openly and notoriously sold upon said pier by this defendant and by concessionaires with the full and complete knowledge of the complainants and by the defendant, City of Atlantic City, which has issued mercantile licenses therefor." Further, the answer avers that the City of Atlantic City never protested or complained of its conduct or of the conduct of others engaged in the sale of merchandise; that, by the acquiescence and laches of the city, complainants are now estopped from complaining of such violations of the restrictive covenants.
The Attorney-General has not been made a party defendant, nor does it appear that he has been informed of this challenge to the rights of the public or solicited to become a party complainant. While it does not appear that the public has been represented by its Attorney-General in any of the other causes involving these easements, the matter was possibly passed sub silentio, as Mr. Justice Green said of earlier cases in Mackenzie v. Trusteesof Presbytery of Jersey City (Court of Errors and Appeals),67 N.J. Eq. 652 (at p. 685). Larkin v. Wikoff, 75 N.J. Eq. 462,472; affirmed, 77 N.J. Eq. 589. Nor, did the necessity for such representation so vitally appear in those cases as here.
In New Jersey the rights and interests of the general public, when they are directly challenged, ordinarily are and should be protected by action of the trustee, municipal, corporate, or individual. Most often relief has been sought by an individual, but redress will not be denied in our courts *Page 525 
although no individual may choose or have a status to defend the rights of the public. The state has appointed an Attorney-General to whom it has given the right and upon whom it has cast the responsibility of appearing for the public at large and invoking judgments of the courts, law or equity, on these questions of public moment. This right and this responsibility have been recognized in matters involving property of the state, public trusts and the rights of the public in the nature of easements. The rule that the general public, in litigation concerning public rights, should be represented by the Attorney-General has (although its application has at times been ignored) long been recognized in New Jersey. Attorney-General v. Delaware andB.B.R. Co. (Court of Chancery), 27 N.J. Eq. 1; affirmed
(Court of Errors and Appeals), 27 N.J. Eq. 631; Trustees ofM.E. Church of Hoboken v. Mayor, c., of Hoboken (SupremeCourt), 33 N.J. Law 13, 20.
Chancellor Pitney, in the case of Trustees of PrincetonUniversity v. Wilson, 78 N.J. Eq. 1, said (at p. 5):
"In suits for the enforcement of such a public trust or charity, the Attorney-General is the proper suitor, and he may file an information either of his own motion or upon the relation of any party concerned. MacKenzie v. Trustees of Presbytery,67 N.J. Eq. (1 Robb.) 652, 683.
"And where a bill is filed by the trustees of a public charity seeking directions as to the mode of executing their trust, the Attorney-General is a proper party defendant as representing the public interest. Harvard College v. Society, 3 Gray (Mass.)280, 282; Jackson v. Phillips, 14 Allen (Mass.) 539, 579;Lanning v. Commissioners of Public Instruction, 63 N.J. Eq.
(18 Dick.) 1, 8; MacKenzie v. Trustees of Presbytery,67 N.J. Eq. (1 Robb.) (at p. 686); Trenton Society v.Howell, 63 Atl. Rep. 1110; Larkin v. Wikoff, 75 N.J. Eq. (5Buch.) 465."
See, also: VanHouten v. McKelway, 17 N.J. Eq. 126; Green v.Blackwell, 35 Atl. Rep. 375; Bliss v. Linden CemeteryAssociation, 81 N.J. Eq. 394; Lakatong Lodge, c., v. Board ofEducation, c., 84 N.J. Eq. 112; State v. Cleveland and P.R.Co., 94 Ohio State 61; 113 N.E. Rep. 677; L.R. *Page 526 A. 1917 A. 1007; Streuber, ex rel., v. City of Alton, 319 Ill. 43; 149 N.E. Rep. 577; 41 A.L.R. 1405.
Even though, as here, suit be instituted by one or more individuals alleging a special interest in the performance of a public trust, the Attorney-General is nevertheless a necessary party. In the Larkin Case, supra, Chancellor Walker (then Vice-Chancellor) points out that such a complaint may be joined to and incorporated with the information given to the court by the Attorney-General, and in such case the pleading is called an information and bill; where this practice is not adopted, the Attorney-General must be brought in as a defendant; in the latter event, the bill, instead of praying for process against him, prays that he may answer it upon being attended with a copy.American Dock, c., Co. v. Trustees, c., of Public Schools,35 N.J. Eq. 181 (at p. 253).
This is not a class bill; complainants have not brought suit on behalf of themselves and of all other persons interested withthem. This, too, can be cured by amendment. Larkin v. Wikoff,supra.
It cannot now be questioned but that the right to a street or boardwalk easement was here dedicated to the public and that the restrictive covenants created an easement of free air, light and view oceanward of the boardwalk. The famed boardwalk of Atlantic City contributes materially to making that city one of the most noted and unique resorts in the entire world. The easement agreements contain a provision for a reverter upon failure of purpose; consider the possibility of a decree adversely affecting the easement of way on which the boardwalk is erected, or of free light, air and view oceanward thereof. City of Newark v.Watson, 56 N.J. Law 667; 29 Atl. Rep. 487; 24 L.R.A. 843;Porter v. International Bridge Co., 200 N.Y. 234;93 N.E. Rep. 716; 21 Ann. Cas. 684.
The named trustee specifically empowered to prosecute and given the responsibility for prosecuting violations of the covenants, is here challenged with failure to protect the interests and rights of its cestuis que trust, the general public. Not only that, but it is charged with having affirmatively aided defendants in committing violations. It is *Page 527 
asserted that the city has refused to prosecute violations which the operator admits have been occurring on this pier. The trustee was made a party defendant but it has filed no answer and the time limited for answering has long since passed. Others who may be similarly interested as are the complainants are not here protected by class bill. The status of the individual complainants to prosecute this action is challenged; so is that of the corporate complainant, which, it is said, comes into court with unclean hands. I deem it vitally necessary, therefore, that in this case and at this time the public at large be represented by the Attorney-General of this state.
The present motion will be held until the amendments above suggested have been made and the Attorney-General of New Jersey shall have been made a party complainant or defendant in this cause, and shall have had an opportunity to be heard on the motion. *Page 528