Wanner *v.* Sisson.

## John Wanner and others
### *v.*
## Benjamin F. Sisson and others.

1. The act of congress of March 3d, 1875, provides that the petition for the removal of a cause from a state court, shall be filed in the state court " before or at the term at which the cause could be first tried, and before the trial thereof.". *Held*, that as applied to a cause in equity, the limitation is to the first term at which the cause can, on due notice, be regularly set down for hearing, and before the hearing shall have taken place.

2. If it could have been then heard, the fact that it was not heard makes no difference.

Bill for relief. Petition of Benjamin F. Sisson to remove cause into the circuit court of the United States for the district of New Jersey.

*Mr. Lansing Zabriskie* and *Mr. B. Williamson*, for the motion.

*Mr. J. Flemming* and *Mr. I. W. Scudder, contra.*

THE CHANCELLOR.

The petitioner, Benjamin F. Sisson, applies for the removal of this suit into the circuit court of the United States for the district of New Jersey. He resides, as he did when the bill was filed, in the state of New York. The other defendant, Caroline O. Peters, resides, it is alleged, in California. The petition is silent as to her residence, but it may be amended in accordance with the fact. This suit was brought to restrain Sisson from prosecuting in the supreme court an action of ejectment for land in Hudson county, to set aside the deed from Caroline O. Peters to him, under which he claims title to the land in that suit, and to reform a deed, or the record thereof, or both, under which the complainants claim title to the property, and to compel Sisson or Peters to release to the complainants any legal estate he or she may have in the property.

The bill was filed on the 30th of December, 1872, and an injunction issued thereon. The answer was filed on the 20th of June, 1873. Replication was subsequently filed, and the testimony was closed on the 15th of April, 1876, and filed on the 22d of that month. The cause was set down for hearing at the May term following, and, at the request of counsel, the argument was fixed for the 15th of June then next, at chambers, at Newark. The cause went off by consent, and was again duly set down for hearing at the October term following. Before the day thus fixed for the hearing arrived, this motion was made. This application is made under the act of congress of March 3d, 1875. That act provides that the petition for removal shall be filed in the state court "before or at the term at which the cause could be first tried, and before the trial thereof." Applied to a cause in equity, the limitation is to the first term at which the cause can be regularly set down, on due notice for hearing, and before the hearing shall have taken place. The act, for obvious reasons, requires promptness in making the application, and if it is not made within the time specified it is too late.

The provision under consideration has been construed in numerous cases. In *Hoadley v. The City and County of San Francisco, C. C. U. S.* for the District of California, December 27th, 1875, 1 *Law and Eq. Rep.* 64; in *Andrew* v. *Garrett, C. C. U. S.* for the Southern District of Ohio, *Id.* 40; by the supreme court of Iowa, in *Barber* v. *St. Louis, Kansas City and Northern Railway Co., Dec. T.*, 1875, 2 *Law and Eq. Rep.* 319; and by the supreme court of New Hampshire, in *Chandler* v. *Coe, Aug. 13th*, 1875, 1 *Law and Eq. Rep.* 247. The first term at which the hearing of this cause could have been had was the last May term. The fact that it was not heard then makes no difference. It could have been heard at that term. The cause was at issue, the testimony was closed, and the cause was regularly set down on due notice. It was incumbent on the petitioner to make his application at that term. He is now too late. (*See the cases above mentioned.*)

The petition and accompanying bond will not be accepted, and the cause will proceed in this court.