CORNELIUS C. VERMEULE v. JOHN D. VERMEULE.

Argued June 4, 1901—Decided November 11, 1901.

The filing of a petition and bond for the removal of a cause from this court to the United States Circuit Court before the time for pleading expires, is a sufficient compliance with the federal statute, although the application for the order of removal may not be actually made before the time to plead had passed.

---

In tort. On petition for an order to remove the cause to the United States Circuit Court for the district of New Jersey.

Before Justices GUMMERE and HENDRICKSON.

For the plaintiff, *McCarter, Williams & McCarter.*

For the defendant, *Washington B. Williams.*

PER CURIAM.

This application is resisted by the plaintiff on the ground that it is not made in time. The federal statute enacts that the party applying for such removal "may make and file a petition in such suit in such state court" at any time before the time for pleading expires. And further, that "when the petition and bond are so filed, it shall then be the duty of the state court to accept said petition and bond and proceed no further in such suit."

The defendant's time to plead did not expire until May 18th, 1901. On the 10th of the same month the petition and bond were duly filed in the office of the clerk of this court, and on the same day copies thereof, with notice of this motion, were duly served upon counsel of the plaintiff.

It is contended that the order of removal cannot now be allowed, because the time to plead had passed before this application was actually made.

We are unable to concur in this view. We think that the filing of the petition and bond in the office of the clerk was a compliance with the terms of the statute.

The state courts have generally, and as we think, properly, claimed the right to examine the petition and record, and determine whether the statutory requirements have been complied with, subject, however, to the final determination of the federal court upon the question of jurisdiction.

This supervisory right of the state court was exercised in *National Docks Railway Co.* v. *Pennsylvania Railroad Co.,* 7 *Dick. Ch. Rep.* 58, but that case is not an authority against the practice that has been pursued in the matter now before us. While the application for an order is the better practice, it is not essential to the transfer of the jurisdiction.

The order for removal may be entered.