CITY OF ATLANTIC CITY, appellant-petitioner,

*v.*

NEW AUDITORIUM PIER COMPANY, respondent.

CHARLES EVANS, appellant-petitioner,

*v.*

NEW AUDITORIUM PIER COMPANY, respondent.

[Filed February 9th, 1905.]

On petition for reargument.

*Messrs. Godfrey & Godfrey* and *Mr. Harry Wootton,* for the petitioners.

PER CURIAM.

The petitioners ask for a reargument of these appeals for the purpose of presenting more fully their views respecting the effect of the easement deed of 1890 (Evans' deed) as to land that was above high water in 1895, when Evans conveyed to Loper, and also as to land bought that same year by Loper as riparian land, but which has since become upland, apprehending that the silence of this court upon this point might prejudice or foreclose the petitioners with respect to it.

In the court of chancery, the response of the vice-chancellor to this contention was as follows: "The *locus in quo* the defendant is driving piling lies wholly below the line of highwater mark as it existed in July, 1895, the time when Loper received the state's grant.

"It must be held that the complainant has no right to a restraint against the defendant's construction, so far as the com-

plainant's equity depends upon the restrictions sought to be imposed by the Evans deed, upon the use of lands lying below high-water mark."

The facts upon which this conclusion of the vice-chancellor rests, viz., that the *locus in quo* was below high water and that Evans had no title to such land, were not and are not in dispute.

The petitioners' decree enjoined the defendant from making use of this *locus*. Giving to the deed of 1890, therefore, the fullest effect claimed for it by the petitioners (and they argued that matter fully), it affords no support to this decree. The application of the terms of that deed to the case of land that has become upland since Loper, in 1895, united the two titles in himself, is met by the same consideration, viz., that the *locus in quo* is below the high-water line so established. This fact renders any reargument as to the deed of 1890 useless for the purpose of supporting the present decrees.

What rights the petitioners may successfully assert under the deed of 1890 with respect to land above high water, must wait upon a state of facts to which the covenants of that deed are applicable. Upon that point our opinion was properly silent.

The motions for reargument are denied.