# ATLANTIC CITY

*v.*

## ASSOCIATED REALTIES CORPORATION.

[Argued and decided March 25th, 1907.]

Where grantors of a shore front at a summer resort reserved the right to build a pier, covenanting not to permit the sale of commodities thereon, and to charge only an entrance fee, their covenant is not broken by charging for the use of roller skates at a rink on the pier, where all who pay the entrance fee may go to every part of the pier, including the rink.

On final hearing on pleadings and proofs.

*Messrs. Godfrey & Godfrey, Mr. Harry Wootton* and *Mr. James E. Howell,* for the complainant.

*Messrs. Thompson & Cole,* for the defendant.

BERGEN, V. C.

I will dispose of this matter now. It appears that the grantors, or the predecessors in title of this defendant, were the owners of a shore front extending southerly from the boardwalk at Atlantic City, and that they made a deed to the city of Atlantic City, referred to here as the "Easement Deed," for the purpose, as I read it, of conveying to the city of Atlantic City practically the control and substantial ownership of all the shore front, reserving, however, to the grantors a right to build a pier on the property conveyed, and to connect it with the boardwalk, upon condition that the pier should be at least one thousand feet in length and constructed of iron or steel, and upon the further condition that they should not permit the sale of any commodities upon the pier, "and be confined to charging only an entrance fee."

What this defendant is doing, as appears from the evidence produced before me, is to charge an entrance fee of ten cents to their pier, which has a portion of it devoted to roller skating, but, as I understand from the evidence, no person having paid an entrance fee is prohibited from going into this part of the pier; there is a walk or promenade around the room, with galleries from which a view of the floor and of the persons skating may be had, open to everybody, and the skating floor itself is open to everybody willing to take the chance of keeping out of the way of the persons skating.  It appears that the witnesses brought here to substantiate the complaint, after paying the entrance fee of ten cents, applied for a pair of skates.  They made no application for admission to the room or part of the building used for skaters—that was open to all for the entrance fee paid for admission to the pier—they merely asked for the use of a pair of skates, and were told that to get a pair of skates they must go back to the booth at the entrance and get other tickets. I think it makes no difference where they were sent to get the tickets for the skates, or where they were sent to get the skates. That is a convenient method of accounting which the owner adopts.  If you want to gain an entrance on the pier you will have to pay ten cents; if you want a pair of skates then you will have to get a ticket, and you will have to deliver that ticket to the man who has charge of the skates, and you may hire the skates for an additional twenty cents, for which two tickets are given, one for checking garments, another for the skates, and does not seem to me to be a violation of the covenant to charge only an entrance fee, for a covenant must be reasonably interpreted, and the covenant confining the charge to "only an entrance fee" means a charge for admission to all parts of the pier, and, in my judgment, is not applicable to a charge for an appliance to enhance the visitor's enjoyment of the pier.  They are not undertaking to sell anything or to prevent any person from admission to all parts of the pier; they merely say, that if you want an opportunity to skate we will provide skates, but you must pay for that convenience.  Under these conditions I do not think we are justified in holding that there has been a violation of this covenant, because the people keep on this pier skates which they

furnish on application to anyone desiring to use them, providing he is willing to pay for such use. Vice-Chancellor Reed construed a similar covenant in *Atlantic City* v. *Atlantic City Steel Pier Co., 62 N. J. Eq. (17 Dick.) 141,* in which he said: "Reading the entire clause, not merely that part directed against the sale of commodities, but including the limitation in respect to what should be charged, the natural construction of the agreement seems to me to be that any additional charge for admission to any part of the pier, after the payment of the entrance fee, conflicts with the restriction which the grantors imposed upon themselves, namely, that they should be confined to charging only an entrance fee."

This defendant charged an entrance fee of ten cents, and each one of these witnesses testify that upon paying an entrance fee they received a ticket which they surrendered for admission to the pier. They were free to go anywhere on the pier, and were not shut out from the skating floor. When they came to the man in charge of the skates and applied to him for them, in order to join in the skating, they were told that they would have to procure another ticket. Of course, the owner of the place could not be expected to furnish skates for everyone; that is not a part of the original plan, nor is it contemplated when the entrance fee is paid. The entrance fee entitles a person to go on the pier; when you have paid that you are entitled to go on the pier, to go on every part of it; it entitles you to hear the music, and everything that is provided for the amusement and entertainment of the public who attend and pay an entrance fee. Hiring a pair of skates for a limited period to a person going on to the pier hardly falls within the description of a sale of "any commodities," nor can it be said to be a charge of an additional entrance fee. This is my construction of this covenant, and it is not in conflict with the case which has been referred to by counsel, which is supposed by them to take a different view of the covenant. I do not consider that that case establishes a different rule, for I understand it to hold only that the fee charged for entrance to this pier entitles one to go to any part of it and to see and hear all that may interest them. These witnesses who paid the entrance fee were entitled to that, but they wanted more,

they wanted to participate in the skating. The owner of this place keeps skates, and if you want him to provide you with skates, then you must pay for their use. You are not compelled to skate, and, if you do not, you are not deprived of anything that the entrance fee, which you paid to get on the pier, entitles you to have. Being of this view, I think the bill ought to be dismissed.