TALBOT PIPER, PLAINTIFF, v. ERIE RAILROAD COMPANY, JOHN COTTER AND CHARLES STEVENSON, DEFEND-ANTS.

WILLIAM W. VANDERHOOF, ADMINISTRATOR AD PROSE-QUENDUM OF EDWARD W. VANDERHOOF, DECEASED, PLAINTIFF, v. ERIE RAILROAD COMPANY, JOHN COT-TER AND CHARLES STEVENSON, DEFENDANTS.

Argued May 16, 1930—Decided December 15, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justices TREN-CHARD and LLOYD.

For the rule, *Hobart & Minard*.

*Contra, Ward & McGinnis*.

PER CURIAM.

These cases were tried together and were to recover for personal injuries and property damage in the Piper case and for a death in the Vanderhoof case. The injuries and death were due to a grade crossing collision between defendant's train and an automobile. Defendant Erie Railroad Company has rules for new trial.

The reasons urged for new trial are improper instructions to the jury, that the verdicts were against the weight of the evidence, contributory negligence and that the damages are

excessive. Also that the court was without jurisdiction because of the fraudulent joinder of residents of the state for the purpose of defeating federal jurisdiction, and that, regardless of the original status of the parties, when the cases were tried the resident defendants being eliminated in the Vanderhoof case, in that situation the trial judge should thereupon have stopped the proceeding in that case to permit the filing of a petition for removal to the United States courts.

The instruction complained of is the portion of the charge in which this language was used: "Now the law says if there is a signal there it must be in operation and the plaintiff says that it was not in operation; that it was out of order at that time." This presumably was rested on section 1 of the act of 1909, page 37, which enacts that persons approaching a public crossing "shall be entitled to assume that such safety gate or other warning appliances are in good and proper order and will be duly and properly operated," &c. This statute has been construed in a number of cases in the Court of Errors and Appeals (*Passarello* v. *West Jersey and Seashore Railroad Co.*, 98 *N. J. L.* 790; *Rendino* v. *Director-General*, 99 *Id.* 213), and from them it is to be extracted that the railroad company is required to operate such safety devices and that a failure to so operate was evidence of negligence. It is therefore quite clear that the criticism of the instructions is not justified.

On the weight of the evidence we think the jury's verdict should not be disturbed. There was no such preponderance against the plaintiffs' case as would justify an inference that the jury was actuated by improper motives.

With respect to the charge of fraud by the inclusion of Cotter and Stevenson as defendants and the action of the court on the motions respecting the charge of fraud and to suspend the further proceeding in the Vanderhoof case in order that the defendant might make application to a justice of the Supreme Court for its removal to the United States courts, we think there was no error. The resident defend-

ants in the case were the conductor and engineer of the train involved in the accident and could without fraud be properly made defendants. At the end of the plaintiffs' cases a compulsory nonsuit was granted in both cases as to the conductor. On behalf of the engineer the motion was rested on the ground that the letters of administration were issued to the plaintiff Vanderhoof only as to the railroad company. This motion was held until the close of the case when, the court, being of opinion that the letters could not be amended, directed a nonsuit as to Cotter, the engineer, in the Vanderhoof case, and the motion to suspend the proceeding was then made and denied. Counsel for both sides then summed up the case to the jury and the learned judge charged them at length.

Whatever may have been the rights of the defendant, the railroad company, to have a transfer of the cause to the United States court at this stage of the proceeding, the court had jurisdiction of the person and of the subject-matter. This being true, by further participation in the trial of the cause, the defendant waived such rights as it might have had to a transfer of the cause. *Venghis* v. *Commonwealth,* 101 *N. J. L.* 151.

The verdict of $2,000 in the Piper case we think was fairly substantiated, but the verdict of $30,000 in the Vanderhoof case is grossly excessive. The action in that case was to recover the damages sustained by the next of kin for the death of Edward W. Vanderhoof. The deceased at the time of his death was twenty years old, unmarried, and earning thirty-three dollars per week. Of this he was allowed eight dollars per week and the remainder was turned over to his parents. According to this relationship the utmost that the parents could be expected to have derived from his continued existence is represented by a principal sum at the time of the trial far less than the award of the jury. If the plaintiff will submit to a reduction of the verdict to $10,000, the rule in that case will be discharged; otherwise the rule will be made absolute.

The rule in the Piper case is discharged.