DAVID I. SHAPIRO, as receiver, &c., complainant-respondent,

*v.*

CHRISTIAN BAHNSEN, INCORPORATED, impleaded with others, defendant-appellant.

[Decided September 27th, 1934.]

On appeal from an order of the court of chancery advised by Vice-Chancellor Fielder, who filed the following opinion:

"Complainant is a citizen of New York. He files his bill as receiver appointed by a New York court, of C. Bahnsen & Company, Incorporated, a New York corporation, naming

five defendants, three of whom are citizens and residents of New York, one a citizen and resident of New Jersey, and the fifth being Christian Bahnsen, Incorporated, a Delaware corporation. Upon filing the bill a writ of sequestration issued against the property of the last named defendant and an order was entered directing that defendant to show cause why it should not be enjoined from disposing of certain property alleged to be in its hands and in the meantime enjoining it from disposing of such property. After service of said writ and order said defendant presented its petition (and bond therewith) for removal of the cause to the United States district court, claiming the right to remove as a citizen of a foreign state, under sections 71 and 72 of title 28 of the United States code, on the ground that complainant has a separable controversy with said defendant, to which the other defendants are not indispensable parties.

"At the outset the complainant contends that the petition for removal is prematurely filed because subpœna for the defendants to answer has not been issued and therefore, under decisions of this court, no suit can be said to have been begun against the petitioning defendant and there is no cause of action to remove. I find no merit in the contention. After bringing the defendant into court by service of a writ of sequestration, which can only issue in a suit 'commenced' in this court, and of an order to show cause calling for an answer under penalty of having a temporary restraint issue against it, it would be most inequitable to permit the complainant to defeat the petitioner's petition by saying he has not yet brought this suit against the defendant.

"The meritorious question to be determined is whether the complainant has a separable controversy with this defendant, in the settlement of which the other defendants are not necessary parties and on that question the allegations of the bill of complaint must be taken as controlling.

"The bill alleges that Christian Bahnsen (now deceased), the defendants Detjens, Bahnsen and Halterman, were officers and directors of the corporation C. Bahnsen & Company, Incorporated, and unlawfully caused to be withdrawn cor-

porate assets for a total of $2,465,948.96 and therewith purchased certain stocks and securities in the name of Christian Bahnsen, who thereafter delivered part of said stocks and securities to the defendants Detjens, Bahnsen and to one Leidesdorf (also a defendant) as trustees; that thereafter Christian Bahnsen caused the petitioning defendant, Christian Bahnsen, Incorporated, to be incorporated under the Delaware laws and transferred to that corporation the part of the stocks and securities he held and caused the individual defendants to transfer to the same corporation the part they held; that the individual defendants are the officers and directors of said corporation and that it was organized as a dummy corporation and took over said stocks and securities for the purpose of defeating the creditors of C. Bahnsen & Company, Incorporated; that Christian Bahnsen thereafter died and letters testamentary under his will were granted to the individual defendants by the surrogate of Passaic county.

"It seems to me that there is but one controversy involved in this suit, namely, whether Christian Bahnsen and the individual defendants unlawfully took assets of C. Bahnsen & Company, Incorporated. How they disposed of those assets and who now has them, or the proceeds thereof, are merely branches of the controversy. The bill contains a prayer that a trust be imposed upon the securities which it is alleged came to the possession of the corporate defendant and that the corporate defendant be decreed to surrender those securities, or pay complainant the specific sum which he alleges Christian Bahnsen took from C. Bahnsen & Company, Incorporated, and the corporate defendant now cites that prayer as indicating that a separate controversy exists between the complainant and it, in which controversy no other defendant is interested. But that prayer must be read in the light of all allegations of the bill and in the light of further or other relief therein prayed for, which further and other relief is that the securities in which the funds of C. Bahnsen & Company, Incorporated, were invested, in possession of any or all of the defendants, be impressed with a trust in favor of complainant; that all defendants discover all such property held

by them; that they be ordered to turn over to complainant the books, records and assets of C. Bahnsen & Company, Incorporated, and that all defendants account for profits and for proceeds from the sale of said securities and for moneys received by them on account of said securities. It is apparent that the complainant seeks an accounting from all defendants for their dealings with funds and securities belonging to C. Bahnsen & Company, Incorporated, and a decree against each for such part only of the funds and securities as each may be found to hold now, or a money decree for the value of such part of said securities as they may have disposed of. The complainant seeks to hold all defendants liable for the total amount taken by Christian Bahnsen, not necessarily any one of them for the whole, but each for a part thereof, or he seeks the return of so much of said securities as each may be found to hold in possession. The bill charges a fraud perpetrated on C. Bahnsen & Company, Incorporated, and sets out a series of acts in all of which one or more of the defendants were concerned, though not all in each separate act. The corporate defendant is included in the charge because the bill says it was incorporated by Christian Bahnsen for the purpose of receiving from him and from the individual defendants and holding with intent to defraud creditors, property which rightfully belonged to C. Bahnsen & Company, Incorporated, and that the individual defendants are the officers and directors of the dummy corporation. Thus the charge is that Christian Bahnsen and the individual defendants merely transferred said property to themselves to hold under a corporate guise and that the corporate title is merely another name for themselves. Since the bill charges that the corporate defendant was organized as a blind to hide illegal transactions in which the individual defendants took part and that the individual defendants are the officers and directors of the dummy corporation, it seems that the petition for removal, although in a corporate name, is really the petition of the individuals. The individual defendants, in their own or in their representative capacities, are interested in the whole controversy, not only because it is alleged that they are actu-

ally Christian Bahnsen, Incorporated, but also because the proofs on trial may show that not all the assets of C. Bahnsen & Company, Incorporated, were transferred by the individual defendants to themselves under a corporate title, in which event a decree would be proper against them or such part of said assets as they individually still hold and against the corporate defendant for the part of the assets transferred to its corporate name. The corporate defendant may therefore be said to be interested in seeing that a decree against it is for no more than the securities it received and the individual defendants are interested in seeing that a decree goes against them .for no more than the securities, or the value thereof, which they retained. This is also so under the prayer that each defendant account for income received upon the securities while in his possession. In order that complainant may have a decree which will fix the liability of each defendant, it is necessary that all be brought into court to defend not only as against complainant, but each as against the other. Complainant is not seeking the partial relief which might be afforded him in a suit against each defendant alone, but he wants complete relief in a single suit and by a single decree which will restore all the property (or its value) which Christian Bahnsen took from C. Bahnsen & Company, Incorporated, and complainant's whole claim cannot be finally determined and complete relief given him, without the presence of all defendants as parties to his suit. Beside a common defense to such a suit, each defendant may have a separate defense but that fact will not make the cause of action on which complainant bases his suit, a separate controversy as to any defendant.

"The petitioners' prayer for removal of the cause will be denied."

*Mr. Isadore Glauberman,* for the respondent.

*Messrs. Pitney, Hardin & Skinner (Mr. Shelton Pitney,* of counsel), for the appellant.

110

PER CURIAM.

The order appealed from will be affirmed, for the reasons set forth in the opinion filed in the court of chancery by Vice-Chancellor Fielder.

*For reversal*—None.